UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
TREAGAN BIRBAL,

                Plaintiff,

                                16-CV-2207 (SJ) (RLM)

      -against-

                                MEMORANDUM
                                AND ORDER

BAHA MAR LTD.,

                Defendant.

-------------------------------------------------X

A P P E A R A N C E S

DRUMMOND & CRAWFORD, PLLC
175-61 Hillside Avenue
Suite 205
Jamaica, NY 11432
By:    Joann Squillace
        Stephen L. Drummond
*Attorneys for Plaintiff Treagan Birbal*

MINTZER SAROWTIZ ZERIS LEDVA & MEYERS
17 West John Street
Suite 100
Hicksville, NY 11801
By:    Marc D. Sloane
*Attorneys for Defendant Baha Mar Ltd.*

JOHNSON, Senior District Judge:

Presently before the Court is Defendant Baha Mar Ltd.'s (the "Defendant") motion to dismiss for lack of jurisdiction that was filed on October 31, 2016. (See Dkt. Nos. 17, 18 & 19.) At issue is whether this Court is required to give comity to a litigation stay issued by a Bahamian court, and whether Plaintiff's action is barred. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

On or about May 29, 2015, Plaintiff slipped and fell on an exterior stairway while he was a guest at the Melia Hotel in Nassau, Bahamas. In May and June 2015, Defendant, the owner of the Melia Hotel, filed bankruptcy petitions in the Bahamas and District of Delaware. The Bahamian court issued a litigation stay that prohibited the commencement of legal proceedings against Defendant without prior approval of the Bahamian court. (See Dkt. No. 17-2.) On September 15, 2015, the court in the Delaware action dismissed the chapter 11 petition as to the Bahamian companies in order to allow the Bahamian petition to proceed unhindered. See In re Northshore Mainland Servs., Inc., 537 B.R. 192 (Bankr. D. Del. 2015). On May 3, 2016, Plaintiff filed the instant action seeking compensation and damages for injuries suffered as a result of Defendant's alleged negligence. (See Dkt. No. 1.) Plaintiff did not seek leave of the Bahamian court prior to the filing of this action. (See Dkt. No. 17.) On September 30, 2016, the

Bahamian court issued a final order of liquidation and Defendant was dissolved. (See Dkt. No. 19-1.)

## DISCUSSION

The Second Circuit has frequently emphasized the importance of judicial deference to foreign bankruptcy proceedings so that the foreign proceedings are better able to "facilitate equitable, orderly and systematic distribution of the debtor's assets." Maxwell Commc'n Corp. v. Société Génerale, 93 F.3d 1036, 1048 (2d Cir.1996) (quotation and citation omitted). Where a foreign bankruptcy proceeding exists, "deference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair and . . . do not contravene the laws or public policy of the United States." JP Morgan Chase Bank v. Altos Hornos de México, S.A. de C.V., 412 F.3d 418, 424 (2d Cir. 2005).

Here, the considerations of comity support enforcing the litigation stay in place in the Bahamian proceeding. Plaintiff has offered no evidence that the Bahamian proceeding was procedurally unfair or in contravention to the public policy of the United States. And, like the Delaware court, this Court finds that there is no evidence that the Bahamian laws that govern insolvency proceedings are

procedurally unfair or contravene United States public policy. See In re Northshore Mainland Servs., Inc., 537 B.R. at 207–08.[1]

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in its entirety. Any of Plaintiff's remaining arguments have been considered and are without merit. The Court of the Clerk is directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

Dated: March 28, 2018　　　　　　　　　　　　＿＿＿＿＿＿＿＿/s/＿＿＿＿＿＿
　　　　Brooklyn, New York　　　　　　　　　Sterling Johnson, Jr. U.S.D.J.

---

[1]Furthermore, the liquidation of Defendant was complete as of September 30, 2016, rendering this action moot. (See Dkt. No. 19-1.)